**McGuireWoods LLP**
Michael D. Mandel (SBN 216934)
Email: mmandel@mcguirewoods.com
John A. Van Hook (SBN 205067)
Email: jvanhook@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067-1501
Telephone: 310.315.8200
Facsimile: 310.315.8210

Sylvia J. Kim (SBN 258363)
Email: skim@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, California 94111
Telephone: 415.844.9944
Facsimile: 415.844.9922

Attorneys for Defendant
Petrochem Insulation, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAFETA MAUIA, an individual, for himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PETROCHEM INSULATION, INC., a Nevada corporation doing business in California; and Does 1 through 100 inclusive,<br><br>Defendants. | CASE NO.<br>[CCSC Case No. C 18-00360]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:    February 20, 2018<br>Complaint Served:   February 23, 2018 |

1
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant PETROCHEM INSULATION, INC. ("Defendant") by and through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Contra Costa (the "State Court"), in which the action is currently pending, to the United States District Court for the Northern District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 and § 1446 and all other applicable bases for removal. In support of this Notice of Removal, Defendant avers as follows:

## PLEADING AND PROCEDURES

1. On February 20, 2018, Plaintiff Iafeta Mauia ("Plaintiff") commenced this civil action against Defendant, captioned *Iafeta Mauia v. Petrochem Insulation, Inc.; and DOES 1 through 100*, Case No. C18-00360 in the State Court (the "State Court Action"). A true and correct copy of the Complaint filed by Plaintiff is attached hereto as **Exhibit A**.

2. On February 23, 2018, Plaintiff personally served the Complaint and the following documents on Defendant, through its registered agent for service of process:

   **Exhibit B:** Summons

   **Exhibit C:** ADR Case Management Stipulation and Order

   **Exhibit D:** Notice of Assignment to Department Seventeen for Case Management Determination

   **Exhibit E:** Alternative Dispute Resolution (ADR) Information

   **Exhibit F:** Civil Case Cover Sheet

   **Exhibit G:** Notice to Defendants in Unlimited Jurisdiction Civil Actions

   **Exhibit H:** Case Management Statement

3. Defendant is informed and believes that the aforementioned exhibits constitute all of the process, pleadings, and orders on file in the State Court action.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

4. Defendants "Does 1 through 100" have yet to be identified, and thus are to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(b)(1).

**TIMELINESS OF REMOVAL**

5. This action has not previously been removed to federal court.

6. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Defendant has filed this Notice of Removal within 30 days of the date on which it was served, February 23, 2018. Accordingly, this action is being removed within 30 days of the first date upon which any of the defendants were served with any paper giving them knowledge that the action was removable.

**REMOVAL JURISDICTION**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1446, and all other applicable bases for removal.

8. As required by 28 U.S.C. § 1441, Defendant removes this case to the United States District Court for the Northern District of California which is the District Court embracing the place where the State Court Action has been filed.

9. In accordance with 28 U.S.C. § 1446(d), Defendant is giving contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

**FEDERAL QUESTION JURISDICTION**

10. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

11. A cause of action under federal law exists for purposes of original jurisdiction and removal if the plaintiff's "well-pleaded complaint" presents a federal issue. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). Although the "well-pleaded complaint rule" generally allows a plaintiff to avoid federal jurisdiction by relying exclusively on state law, there is a well-recognized corollary to that rule: the complete preemption doctrine. *See*

*Caterpillar, Inc. v. Williams*, 482 U.S. 386, 386-387 (1987). "Under the complete preemption doctrine, the preemptive force of a federal statute converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint." *Ayala v. Destination Shuttle Services LLC et al.*, 2013 WL 12092284, at *2 (C.D. Cal., Nov. 1, 2013) (Feess, J.).

12.  Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), is a federal statute that can have complete preemptive force. *See Avco v. Aero Lodge No. 735*, 390 U.S. 557, 558-562 (1968). It provides: "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). *See also Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1149-50 (9th Cir. 1988); *Scott v. Machinists Automotive Trades Dist.*, 827 F.2d 589, 594 (9th Cir. 1987).

13.  Accordingly, even where, as here, a plaintiff alleges only state law claims, a federal question exists, and removal is proper, where the defendant raises a preemption defense based on a federal statute that is so "complete" as to provide the only available remedy. In such cases, "complete preemption" overrides the "well-pleaded complaint rule" and the state law claims are treated as claims "arising under" federal law for jurisdictional purposes. *Holman v. Laulo–Rowe Agency*, 994 F. 2d 666, 668 (9th Cir. 1993); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (stating "[i]n such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded."); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

14.  Here, Plaintiff's Complaint involves a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the LMRA. Resolution of Plaintiff's claims necessarily will require the court to construe several provisions of the collective-bargaining agreement ("CBA") that governed Plaintiff's employment with Defendant. Accordingly, LMRA Section 301 preempts Plaintiff's claims. *See Lingle v. Norg Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) ("In

1  sum, we hold that application of state law is preempted by § 301…only if such application
2  requires the interpretation of a collective bargaining agreement.").

3        15.     It does not matter that Plaintiff's claims purportedly arise out of state law. Even if
4  a right exists independently of a CBA, when resolution of a state-law claim is "substantially
5  dependent on analysis of a collective-bargaining agreement," the claim is preempted by Section
6  301 of the LMRA. *Paige v. Henry J. Kaiser, Co.*, 826 F.2d 857, 861 (9th Cir. 2001) (citing
7  *Caterpillar, Inc.*, *supra*, 482 U.S. at 394; *see also Hyles v. Mensing*, 849 F.2d 1213, 1215-1216
8  (9th Cir. 1988). Nor is it relevant that Plaintiff has pled his claims to omit any reference to federal
9  law and/or the CBA applicable to his employment. "Mere omission of reference to Section 301 in
10  the complaint does not preclude federal subject matter jurisdiction." *Fristoe v. Reynolds Afetals,*
11  *Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990).

12        16.     At all times relevant herein, Defendant has been and is now a California
13  corporation in commerce and in an industry affecting commerce within the meaning of Sections
14  2(2), (6), (7) and 301(a) of the LMRA. *See* 29 U.S.C. §§ 152(2), (6), (7) and 185(a). Even though
15  Defendant is a California corporation, because an action under Section 301 of the LMRA is a suit
16  involving claims arising under the laws of the United States, it may be removed to this Court
17  under the provisions 28 U.S.C. §§ 1441(b) and 1446, without regard to the amount in controversy
18  or the parties' citizenship or domicile.

19        17.     Plaintiff is a former employee of Defendant who, throughout his employment with
20  Defendant, was represented by a labor organization known as the United Steel, Paper and
21  Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International
22  Union, AFL-CIO, CLC, on behalf of the IUPIW-USW Local 1945 (the "Union").

23        18.     From May 7, 2012 through the present, the Union and Defendant were parties to a
24  CBA that sets forth the collectively-bargained terms and conditions governing the employment of
25  fulltime and regular part-time employees employed by Defendant in California. *See generally*
26  Exhibit I (CBA).

27        19.     During his employment with Defendant, Plaintiff worked for Defendant on
28  offshore oil platforms off the coast of California, and he is a covered employee under the terms of

1  the CBA. The CBA contains provisions regarding dispute resolution for employee grievances
2  regarding terms and conditions of employment set forth in the CBA, which include terms related
3  to, among other things, workweeks, workdays, daily work schedules, special shifts, days off, meal
4  and rest periods, wages, overtime wages, and a binding grievance and arbitration procedure. *See*
5  Exh. I (CBA).

6  20.  Plaintiff's First through Fifth Causes of Action allege that Defendant violated
7  numerous provisions of the California Labor Code by failing to pay him –
8  and the putative class members he seeks to represent – overtime wages, provide meal and rest
9  periods or pay premium pay when no meal and rest periods were provided, timely pay all wages
10 due at termination, and provide compliant wage statements. *See* Exh. A (Complaint), ¶¶ 39-78.

11 21.  While Plaintiff purports to assert these claims under California law without
12 reference to the CBA, such claims cannot be adjudicated without interpreting and/or applying the
13 terms of the CBA and are therefore completely preempted by the LMRA. Indeed, given that
14 Plaintiff's employment was governed by a CBA, he does not even have claims for statutory
15 overtime, meal breaks, or rest breaks. *See* Cal. Labor Code §§ 510(a)(2) (California overtime laws
16 do not apply to employees who work alternative workweek schedules pursuant to a CBA); Cal.
17 Lab. Code § 514 (Cal. Labor Code § 510 does not apply to employees covered by CBAs that
18 provide for the wages, hours, and working conditions of employees, premium wages for overtime,
19 and a regular hourly rate more than 30% above applicable state minimum wage); 8 Cal. Code
20 Regs. § 11160(3)(H) (employees covered by a valid CBA are exempt from Industrial Welfare
21 Commission Wage Order's overtime rules); Cal. Labor Code § 512(e) (statutory meal periods not
22 applicable to employees in a construction occupation who are covered by CBAs that meet certain
23 minimum requirements); 8 Cal. Code Regs. § 11160(10)(E) and (F) (employees who are parties to
24 valid CBAs are exempt from meal period requirements); Cal. Lab. Code § 226.7(e) (noting that
25 Section 226.7, which provides the remedy for meal and rest period violations, does not apply to
26 any employee who is "exempt from meal *or* rest *or* recovery period requirements pursuant to other
27 state laws, including but not limited to, a statute or regulation, standard, or order of the Industrial
28 Welfare Commission."); Cal. Lab. Code 226.7(e) (employees in on-site occupations in the

1   construction industry who are covered by a CBA are not entitled to statutory rest periods); 8 Cal.
2   Code Regs. § 11160 (11)(D) and (E) (same).  His only basis for relief arises under the CBA.

3         22.    Furthermore, the resolution procedure for addressing any purported violation of
4   Plaintiff's right to overtime, meal periods, or rest periods during his employment was at all times
5   set forth in and governed by the CBA's Article X – Grievance Procedure and Article XI –
6   Arbitration.  Article X requires union members such as Plaintiff to proceed through a three-step
7   grievance process, and if that process fails to address the grievance, Article XI requires that any
8   grievances not resolved through the procedures set forth in Article X "shall be submitted to
9   arbitration as provided in this Article."  Exh. I (CBA), Article XI, Section A, at p. 14.

10        23.    Plaintiff's allegations regarding Defendant's failure to pay overtime and provide
11  meal and rest periods directly implicate the CBA.  Consequently, interpretation of the CBA is
12  essential to the resolution of Plaintiff's claims.  That is, the Court will necessarily need to interpret
13  and apply the relevant sections of the CBA and determine, *inter alia,* whether it is applicable,
14  whether the statutory exceptions described above apply, whether the grievance and arbitration
15  procedure controls, and/or either party violated the CBA and/or acted in accordance with the CBA
16  in order to adjudicate Plaintiff's claims.

17        24.    To the extent Plaintiff disputes the CBA (including the grievance and arbitration
18  procedure) covers any of his claims, such disputes in and of themselves will require the Court to
19  interpret the CBA, which itself establishes LMRA preemption.  *See Buck v. Cemex, Inc.*, 2013 WL
20  4648579 (E.D. Cal. Aug. 29, 2013) (concluding that ambiguities as to whether the requirements of
21  § 512(e) are satisfied must be resolved by consulting the CBA, thereby invoking LMRA
22  preemption and federal question jurisdiction); *Ayala v. Destination Shuttle Services LLC et al.*,
23  2013 WL 12092284, at *4 (C.D. Cal., Nov. 1, 2013); *See Raphael v. Tesoro Refining and
24  Marketing Co., LLC*, 2015 WL 3970293, at *6 (C.D. Cal., June 30, 2015) (noting that plaintiff's
25  argument regarding whether the section 512(e) exemption applied "introduces a clear dispute
26  between the parties as to the interpretation and application of the CBA's arbitration provisions.").

27        25.    Plaintiff also seeks to represent a putative class defined as "all current and former
28  hourly employees of Defendant, who, at any time within four years from the date of filing this

1 lawsuit, worked on oil platforms off of the California coast for periods of 24 hours or more." *See* 2 Exh. A (Complaint), ¶ 19. In doing so, he is necessarily calls upon the Court to interpret the 3 applicable provisions of the CBA for each putative class member (all of whom would also be 4 governed by the CBA) to determine whether each employee suffered a Labor Code violation as 5 alleged in his Complaint.

6       26. Therefore, because the determination of whether Plaintiff has any viable claims in 7 the first instance and any ultimate issues of Defendant's alleged liability will require interpretation 8 and/or application of the terms and provisions of the CBA, Plaintiff's Complaint falls within the 9 preemptive scope of Section 301 of the LMRA. *See* 29 U.S.C. § 185; *Allis-Chalmers Corp. v.* 10 *Lueck*, 471 U.S. 202, 220-21 (1985); *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 11 691 (9th Cir. 2001).

12       27. Accordingly, because the LMRA completely preempts Plaintiff's state law claims 13 based on alleged violations of the California Labor Code, removal is proper on the basis of federal 14 question jurisdiction. 28 U.S.C. §§ 1331, 1441.

### Supplemental Jurisdiction

16       28. To the extent that there are remaining claims for relief that do not arise under 17 Section 301 or that Section 301 does not completely preempt, these claims are within the 18 supplemental jurisdiction of the Court under 29 U.S.C. § 1367(a) in that they are "derived from a 19 common nucleus of operative fact and of the nature which "a plaintiff would ordinarily be 20 expected to try them in one judicial proceeding." *Kuba v. 1-Aagric. Ass'n*, 387 F.3d 850, 955 (9th 21 Cir. 2004).

22       29. Plaintiff's Third Cause of Action is a derivative claim for "unfair business 23 practices," that is derived from Plaintiff's underlying claims for violations of the Labor Code. *See* 24 Exh. A (Complaint), ¶¶ 57-63. For this reason, and to the extent these purported claims involve 25 associated and related state law causes of action, this Court has supplemental jurisdiction over the 26 claims pursuant to 28 U.S.C. § 1367(a). Thus, this action is removable in its entirety.

27
28

## VENUE

30. Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district. Venue lies in this Court because Plaintiff's action was filed in the Superior Court of Contra Costa County, California and is pending in this district and division. Accordingly, Defendant is entitled to remove this action to the United States District Court for the Northern District of California. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant hereby removes the above-captioned action now pending in the State Court to this United States District Court.

DATED: March 23, 2018                    **MCGUIREWOODS LLP**

By:   /s/Michael D. Mandel
      Michael D. Mandel
      John A. Van Hook
      Sylvia J. Kim

      Attorneys for Defendant
      Petrochem Insulation, Inc.