**MCGUIREWOODS LLP**
Michael D. Mandel (SBN 216934)
Email: mmandel@mcguirewoods.com
John A. Van Hook (SBN 205067)
Email: jvanhook@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, California 90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Sylvia J. Kim (SBN 258363)
Email: skim@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, California 94111
Telephone:  415.844.9944
Facsimile:  415.844.9922

Attorneys for Defendant
Petrochem Insulation, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAFETA MAUIA, an individual, for himself and those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PETROCHEM INSULATION, INC., a Nevada corporation doing business in California; and Does 1 through 100 inclusive,<br><br>Defendants. | CASE NO.  3:18-cv-01815-MEJ<br><br>**DEFENDANT'S *AMENDED* NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint Filed:     February 20, 2018<br>Complaint Served:  February 23, 2018 |

1    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

2    **DISTRICT OF CALIFORNIA:**

3         PLEASE TAKE NOTICE that Defendant PETROCHEM INSULATION, INC.

4    ("Defendant") by and through its counsel, hereby removes the above-entitled action from the

5    Superior Court of the State of California in and for the County of Contra Costa (the "State

6    Court"), in which the action is currently pending, to the United States District Court for the

7    Northern District of California on the grounds that this Court has original jurisdiction over this

8    civil action pursuant to 28 U.S.C. § 1331 and § 1446 and/or 43 U.S.C. § 1349 and all other

9    applicable bases for removal.  In support of this Notice of Removal, Defendant avers as follows:

10                    **PLEADING AND PROCEDURES**

11        1.    On February 20, 2018, Plaintiff Iafeta Mauia ("Plaintiff") commenced this civil

12   action against Defendant, captioned *Iafeta Mauia v. Petrochem Insulation, Inc.; and DOES 1*

13   *through 100*, Case No. C18-00360 in the State Court (the "State Court Action").  A true and

14   correct copy of the Complaint filed by Plaintiff is attached as **Exhibit A** to the initial Notice of

15   Removal filed in this action.  *See* Dkt. #1-1.

16        2.    On  February 23, 2018, Plaintiff personally served the Complaint and the following

17   documents on Defendant, through its registered agent for service of process, all of which are

18   attached as the Exhibits identified below to the initial Notice of Removal filed in this action (*see*

19   Docket #1-1):

20         **Exhibit B:**    Summons

21         **Exhibit C:**    ADR Case Management Stipulation and Order

22         **Exhibit D:**    Notice of Assignment to Department Seventeen for Case

23                    Management Determination

24         **Exhibit E:**    Alternative Dispute Resolution (ADR) Information

25         **Exhibit F:**    Civil Case Cover Sheet

26         **Exhibit G:**    Notice to Defendants in Unlimited Jurisdiction Civil

27                    Actions

28         **Exhibit H:**    Case Management Statement

2

DEFENDANT'S AMENDED NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT

3.      Defendant is informed and believes that the aforementioned exhibits constitute all of the process, pleadings, and orders on file in the State Court action.

4.      Defendants "Does 1 through 100" have yet to be identified, and thus are to be disregarded for the purposes of this removal.  *See* 28 U.S.C. § 1441(b)(1).

## TIMELINESS OF REMOVAL

5.      This action has not previously been removed to federal court.

6.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."  Defendant has filed its Notice of Removal within 30 days of the date on which it was served, February 23, 2018.  Accordingly, this action is being removed within 30 days of the first date upon which any of the defendants were served with any paper giving them knowledge that the action was removable.

## REMOVAL JURISDICTION

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1446, and all other applicable bases for removal.

8.      As required by 28 U.S.C. § 1441, Defendant removes this case to the United States District Court for the Northern District of California which is the District Court embracing the place where the State Court Action has been filed.

9.      In accordance with 28 U.S.C. § 1446(d), Defendant is giving contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

## FEDERAL QUESTION JURISDICTION

10.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it involves claims and/or issues arising in whole or in part under the Constitution, laws, or treaties of the United States.

11.      A cause of action under federal law exists for purposes of original jurisdiction and removal if the plaintiff's "well-pleaded complaint" presents a federal issue. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983).  Although the "well-pleaded

3

complaint rule" generally allows a plaintiff to avoid federal jurisdiction by relying exclusively on state law, there is a well-recognized corollary to that rule: the complete preemption doctrine. *See Caterpillar, Inc. v. Williams*, 482 U.S.  386, 386-387 (1987).   "Under the complete preemption doctrine, the preemptive force of a federal statute converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint." *Ayala v. Destination Shuttle Services LLC et al.*, 2013 WL 12092284, at *2 (C.D. Cal., Nov. 1, 2013) (Feess, J.).

12.     Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), is a federal statute that can have complete preemptive force.  *See Avco v. Aero Lodge No. 735*, 390 U.S. 557, 558-562 (1968).  It provides: "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."  29 U.S.C. § 185(a).  *See also Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1149-50 (9th Cir. 1988); *Scott v. Machinists Automotive Trades Dist.*, 827 F.2d 589, 594 (9th Cir. 1987).

13.     Accordingly, even where, as here, a plaintiff alleges only state law claims, a federal question exists, and removal is proper, where the defendant raises a preemption defense based on a federal statute that is so "complete" as to provide the only available remedy.  In such cases, "complete preemption" overrides the "well-pleaded complaint rule" and the state law claims are treated as claims "arising under" federal law for jurisdictional purposes.  *Holman v. Laulo–Rowe Agency*, 994 F. 2d 666, 668 (9th Cir. 1993); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (stating "[i]n such circumstances, federal law displaces a plaintiff's state-law claim, no matter how carefully pleaded."); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

14.     Here, Plaintiff's Complaint involves a federal question because it involves claims and/or issues that arise under, are intertwined with, derive in whole or in part from, and/or require application and/or interpretation of the LMRA.  Resolution of Plaintiff's claims necessarily will require the court to construe several provisions of the collective-bargaining agreement ("CBA") that governed Plaintiff's employment with Defendant.  Accordingly, LMRA Section 301 preempts

Plaintiff's claims.  *See Lingle v. Norg Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988) ("In sum, we hold that application of state law is preempted by § 301…only if such application requires the interpretation of a collective bargaining agreement.").

15.     It does not matter that Plaintiff's claims purportedly arise out of state law.  Even if a right exists independently of a CBA, when resolution of a state-law claim is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted by Section 301 of the LMRA.  *Paige v. Henry J. Kaiser, Co.*, 826 F.2d 857, 861 (9th Cir. 2001) (citing *Caterpillar, Inc.*, *supra*, 482 U.S. at 394; *see also Hyles v. Mensing*, 849 F.2d 1213, 1215-1216 (9th Cir. 1988).  Nor is it relevant that Plaintiff has pled his claims to omit any reference to federal law and/or the CBA applicable to his employment.  "Mere omission of reference to Section 301 in the complaint does not preclude federal subject matter jurisdiction."  *Fristoe v. Reynolds Afetals, Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990).

16.     At all times relevant herein, Defendant has been and is now a California corporation in commerce and in an industry affecting commerce within the meaning of Sections 2(2), (6), (7) and 301(a) of the LMRA.  *See* 29 U.S.C. §§ 152(2), (6), (7) and 185(a).  Even though Defendant is a California corporation, because an action under Section 301 of the LMRA is a suit involving claims arising under the laws of the United States, it may be removed to this Court under the provisions 28 U.S.C. §§ 1441(b) and 1446, without regard to the amount in controversy or the parties' citizenship or domicile.

17.     Plaintiff is a former employee of Defendant who, throughout his employment with Defendant, was represented by a labor organization known as the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union, AFL-CIO, CLC, on behalf of the IUPIW-USW Local 1945 (the "Union").

18.     From May 7, 2012 through the present, the Union and Defendant were parties to a CBA that sets forth the collectively-bargained terms and conditions governing the employment of fulltime and regular part-time employees employed by Defendant in California.  *See generally* Exhibit I (CBA).

19.     During his employment with Defendant, Plaintiff worked for Defendant on offshore oil platforms off the coast of California, and he is a covered employee under the terms of the CBA.  The CBA contains provisions regarding dispute resolution for employee grievances regarding terms and conditions of employment set forth in the CBA, which include terms related to, among other things, workweeks, workdays, daily work schedules, special shifts, days off, meal and rest periods, wages, overtime wages, and a binding grievance and arbitration procedure.  *See* Exh. I (CBA).

20.     Plaintiff's First through Fifth Causes of Action allege that Defendant violated numerous provisions of the California Labor Code by failing to pay him – and the putative class members he seeks to represent – overtime wages, provide meal and rest periods or pay premium pay when no meal and rest periods were provided, timely pay all wages due at termination, and provide compliant wage statements.  *See* Exh. A (Complaint), ¶¶ 39-78.

21.     While Plaintiff purports to assert these claims under California law without reference to the CBA, such claims cannot be adjudicated without interpreting and/or applying the terms of the CBA and are therefore completely preempted by the LMRA.  Indeed, given that Plaintiff's employment was governed by a CBA, he does not even have claims for statutory overtime, meal breaks, or rest breaks.  *See* Cal. Labor Code §§ 510(a)(2) (California overtime laws do not apply to employees who work alternative workweek schedules pursuant to a CBA); Cal. Lab. Code § 514 (Cal. Labor Code § 510 does not apply to employees covered by CBAs that provide for the wages, hours, and working conditions of employees, premium wages for overtime, and a regular hourly rate more than 30% above applicable state minimum wage); 8 Cal. Code Regs. § 11160(3)(H) (employees covered by a valid CBA are exempt from Industrial Welfare Commission Wage Order's overtime rules); Cal. Labor Code § 512(e) (statutory meal periods not applicable to employees in a construction occupation who are covered by CBAs that meet certain minimum requirements); 8 Cal. Code Regs. § 11160(10)(E) and (F) (employees who are parties to valid CBAs are exempt from meal period requirements); Cal. Lab. Code § 226.7(e) (noting that Section 226.7, which provides the remedy for meal and rest period violations, does not apply to any employee who is "exempt from meal *or* rest *or* recovery period requirements pursuant to other

state laws, including but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission."); Cal. Lab. Code 226.7(e) (employees in on-site occupations in the construction industry who are covered by a CBA are not entitled to statutory rest periods); 8 Cal. Code Regs. § 11160 (11)(D) and (E) (same).  His only basis for relief arises under the CBA.

22.    Furthermore, the resolution procedure for addressing any purported violation of Plaintiff's right to overtime, meal periods, or rest periods during his employment was at all times set forth in and governed by the CBA's Article X – Grievance Procedure and Article XI – Arbitration.  Article X requires union members such as Plaintiff to proceed through a three-step grievance process, and if that process fails to address the grievance, Article XI requires that any grievances not resolved through the procedures set forth in Article X "shall be submitted to arbitration as provided in this Article."  Exh. I (CBA), Article XI, Section A, at p. 14.

23.    Plaintiff's allegations regarding Defendant's failure to pay overtime and provide meal and rest periods directly implicate the CBA.  Consequently, interpretation of the CBA is essential to the resolution of Plaintiff's claims.  That is, the Court will necessarily need to interpret and apply the relevant sections of the CBA and determine, *inter alia,* whether it is applicable, whether the statutory exceptions described above apply, whether the grievance and arbitration procedure controls, and/or either party violated the CBA and/or acted in accordance with the CBA in order to adjudicate Plaintiff's claims.

24.    To the extent Plaintiff disputes the CBA (including the grievance and arbitration procedure) covers any of his claims, such disputes in and of themselves will require the Court to interpret the CBA, which itself establishes LMRA preemption.  *See Buck v. Cemex, Inc*., 2013 WL 4648579 (E.D. Cal. Aug. 29, 2013) (concluding that ambiguities as to whether the requirements of § 512(e) are satisfied must be resolved by consulting the CBA, thereby invoking LMRA preemption and federal question jurisdiction); *Ayala v. Destination Shuttle Services LLC et al*., 2013 WL 12092284, at *4 (C.D. Cal., Nov. 1, 2013); *See Raphael v. Tesoro Refining and Marketing Co., LLC*, 2015 WL 3970293, at *6 (C.D. Cal., June 30, 2015) (noting that plaintiff's argument regarding whether the section 512(e) exemption applied "introduces a clear dispute between the parties as to the interpretation and application of the CBA's arbitration provisions.").

25.     Plaintiff also seeks to represent a putative class defined as "all current and former hourly employees of Defendant, who, at any time within four years from the date of filing this lawsuit, worked on oil platforms off of the California coast for periods of 24 hours or more."  *See* Exh. A (Complaint), ¶ 19.  In doing so, he is necessarily calls upon the Court to interpret the applicable provisions of the CBA for each putative class member (all of whom would also be governed by the CBA) to determine whether each employee suffered a Labor Code violation as alleged in his Complaint.

26.     Therefore, because the determination of whether Plaintiff has any viable claims in the first instance and any ultimate issues of Defendant's alleged liability will require interpretation and/or application of the terms and provisions of the CBA, Plaintiff's Complaint falls within the preemptive scope of Section 301 of the LMRA.  *See* 29 U.S.C. § 185; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985); *Cramer v. Consolidated Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001).

27.     Accordingly, because the LMRA completely preempts Plaintiff's state law claims based on alleged violations of the California Labor Code, removal is proper on the basis of federal question jurisdiction.  28 U.S.C. §§ 1331, 1441.

28.     This Court also has federal question jurisdiction under 28 U.S.C. § 1331 and the Outer Continental Shelf Lands Act ("OCSLA," 43 U.S.C. § 1331, *et seq*.).  "The district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with … any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals….  Proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the State nearest the place the cause of action arose." 43 U.S.C. § 1349(b)(1).

**Supplemental Jurisdiction**

29.     To the extent that there are any remaining claims for relief that do not arise in connection with the OCSLA or under Section 301, or that Section 301 does not completely

8

preempt, these claims are within the supplemental jurisdiction of the Court under 29 U.S.C. § 1367(a) in that they are "derived from a common nucleus of operative fact and of the nature which "a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-Aagric. Ass'n*, 387 F.3d 850, 955 (9th Cir. 2004).

30.     Plaintiff's Third Cause of Action is a derivative claim for "unfair business practices," that is derived from Plaintiff's underlying claims for violations of the Labor Code.  *See* Exh. A (Complaint), ¶¶ 57-63.  For this reason, and to the extent these purported claims involve associated and related state law causes of action, this Court has supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a).  Thus, this action is removable in its entirety.

<u>**VENUE**</u>

31.     Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.  Venue lies in this Court because Plaintiff's action was filed in the Superior Court of Contra Costa County, California and is pending in this district and division.  Accordingly, Defendant is entitled to remove this action to the United States District Court for the Northern District of California.  *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant hereby removes the above-captioned action now pending in the State Court to this United States District Court.

DATED: March 30, 2018                      **McGuireWoods LLP**


By:     /s/Michael D. Mandel
        Michael D. Mandel
        John A. Van Hook
        Sylvia J. Kim

        Attorneys for Defendant
        Petrochem Insulation, Inc.

## **CERTIFICATE OF SERVICE**

hereby certify that on March 30, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2018 at Los Angeles, California.


_____/s/ Michael D. Mandel_____

Michael D. Mandel

CERTIFICATE OF SERVICE