UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAFETA MAUIA,<br><br>    Plaintiff,<br><br>v.<br><br>PETROCHEM INSULATION, INC.,<br><br>    Defendant. | Case No. 18-cv-01815-TSH<br><br>**ORDER RE: MOTION TO CERTIFY ORDER FOR INTERLOCUTORY REVIEW**<br><br>Re: Dkt. No. 97 |

## I. INTRODUCTION

Before the Court is Defendant's Motion (Dkt No. 97) for the Court to certify for interlocutory review its January 16, 2020 Order granting in part and denying in part Defendant's Amended Motion to Dismiss (Dkt No. 93). Plaintiff filed an Opposition to the Motion (Dkt No. 100) and Defendant a Reply (Dkt No. 101). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 12, 2020 hearing. *See* Civ. L.R. 7-1(b). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## II. BACKGROUND

In his Third Amended Complaint ("TAC"), Plaintiff Iafeta Mauia alleged five causes of action against Defendant Petrochem Insulation, Inc. related to his work on oil platforms on the Outer Continental Shelf ("OCS") off the coast of California: (1) Petrochem failed to provide meal periods as required by California law and therefore is liable for meal period premiums under California Labor Code section 226.7, TAC ¶ 32; (2) it failed to provide rest periods as required by California law and therefore is liable for rest period premiums under California Labor Code section 226.7, TAC ¶ 39; (3) it willfully failed to pay overtime, double-time, and meal and rest period premium wages under California law, which failure constitutes unfair business

1  practices under the California Business and Professions Code section 17200, TAC ¶ 47; (4) it did

2  not pay immediately all meal or rest period premium wages earned and unpaid upon discharge,

3  and that such failure was willful, TAC ¶ 55; and (5) it willfully and in bad faith did not pay proper

4  overtime rates for overtime work, in violation of section 207 of the FLSA, by not including the

5  reasonable cost of meals and lodging when calculating overtime earnings, TAC ¶¶ 61-62.

6  Petrochem moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In moving to dismiss, Petrochem argued that Mauia's meal and rest break claims were barred because federal law already addresses the issue of meal and rest breaks and thus under *Parker Drilling Mgmt. Servs. v. Newton*, 139 S. Ct. 1881 (2019), state law not does apply on the OCS; that Mauia's waiting time penalties claim failed because it was derivative of the meal and rest break claims and could not survive on its own; that Mauia's claim under California law for failure to pay timely wages failed because it was derivative of the meal and rest break claims and also because federal law already addresses that issue; and that Mauia's Fair Labor Standards Act ("FLSA") claim was time-barred. The Court found that federal law did not address the issue of meal and rest breaks, and therefore California law acted as a surrogate on the OCS and those claims were viable. It found Petrochem's argument regarding the waiting time penalties claim was mooted by the Court's finding that the meal and rest break claims were viable. It found that the FLSA does address the issue of when an employer must final wages, and thus dismissed with prejudice Mauia's claim under California law for failure to pay timely wages. And it found that Mauia's claim under the FLSA for overtime wages was time-barred.

21  Petrochem now moves pursuant to Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. § 1292(b) for an order certifying for interlocutory appeal its Order granting in part and denying in part Petrochem's Motion to Dismiss. Petrochem seeks the Ninth Circuit's review of the Court's holding that California Labor Code meal and real break provisions are adopted as surrogate law on the OCS.

### III. LEGAL STANDARD

Title 28, section 1292(b) of the United States code "provides for interlocutory appeals from otherwise not immediately appealable orders, if conditions specified in the section are met,

2

1  the district court so certifies, and the court of appeals exercises its discretion to take up the request for review." *City of L.A. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (citation omitted). The section states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . [A]pplication for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Thus, before a district court can certify an order for interlocutory appeal, it must find: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982).

## IV. DISCUSSION

### A. There is a controlling question of law at issue in the Court's order.

"[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citation omitted). That is clearly the case here. Were the Ninth Circuit to find that federal law addressed meal and rest breaks, California law addressing those issues would not apply on the OCS. In that event, Mauia would likely have no remaining viable claims and the litigation would end completely. *See Brickman v. Facebook, Inc.*, 2017 WL 1508719, at *2 (N.D. Cal. Apr. 27, 2017) (finding a controlling question of law where "the litigation could completely end or take a decidedly different path" if the court's finding were reversed) (citing *Asis Internet Servs. v. Active Response Grp.*, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008) (finding the same)).

Additionally, the fundamental issue in this litigation is a purely legal question: whether the relevant state law applies on the OCS. The "controlling question of law" factor is most easily satisfied when the issue is "purely one of law." *See Steering Comm. v. United States*, 6 F.3d 572,

3

575 (9th Cir. 1993); *see also United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) ("In our view the question of privilege which the government now would have us review involves *nothing as fundamental as* the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or *whether state or federal law shall be applied*.") (emphasis added). There is a controlling question of law at issue in this Court's order, and what's more, the parties agree. *See* Pl.'s Opp'n to Mot. to Certify ("Opp'n") 4, ECF No. 100.

**B.     There are substantial grounds for difference of opinion.**

Substantial grounds for difference of opinion are present where an "'appeal involves an issue over which reasonable judges might differ,'" and where the uncertainty surrounding that issue "'provides a credible basis for a difference of opinion.'" *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting *In re Cement Antitrust Litig.*, 643 F.3d at 1028); *Reese*, 643 F.3d at 688 ("when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions," there is a substantial ground for difference of opinion). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). Here, the issue is a clear example of one over which reasonable judges have already differed. This Court's Order held that under the standard articulated by the Supreme Court in *Parker Drilling*, California's meal and rest break laws may apply on the OCS. Three post-*Parker Drilling* decisions from the Central District of California have found otherwise. *Newton v. Parker Drilling Mgmt. Servs., Inc.*, 2019 WL 7865197 (C.D. Cal. Nov. 7, 2019); *Hockison v. Baker Hughes Oilfield Operations*, 2019 U.S. Dist. LEXIS 187704 (C.D. Cal. Oct. 25, 2019); *Jensen v. Safety Equip. Corp.*, 2019 WL 4942052 (C.D. Cal. Sept. 4, 2019).

Mauia argues, however, that the issue of whether California's meal and rest break laws apply on the OCS is not a novel or difficult question. He points out that a series of decisions from

4

district courts in this Circuit predating *Parker Drilling* also found that California meal and rest break law does not apply on the OCS because the FLSA already addresses the issue. *Garcia v. Freeport-McMoran Oil & Gas LLC*, 2016 U.S. Dist. LEXIS 192708, at *4-5 (C.D. Cal. Sept. 16, 2016); *Jefferson v. Beta Operating Co., LLC*, 2015 WL 13854673, at *5-6 (C.D. Cal. Nov. 3, 2015); *Cal. Dairies Inc. v. RSUI Indem. Co.*, 617 F. Supp. 2d 1023, 1043-44 (E.D. Cal. 2009).[1] However, those decisions all predate the Supreme Court's decision in *Parker Drilling*, which supplies the controlling analysis. The issue that splits this Court from the decisions in the Central District of California is whether, under the standard set forth in *Parker Drilling*, California's meal and rest break laws may apply on the OCS. This is a novel question on which there is a substantial ground for difference of opinion.

Mauia also argues that the Ninth Circuit has already had the opportunity to rule on this issue. Opp'n at 5. He points to that court's decision in *Newton v. Parker Drilling Mgmt. Servs., Ltd.*, 881 F.3d 1078 (2018). In *Newton*, the Court of Appeals opined that the necessary-to-fill-a-significant-void-or-gap standard used by the district court for determining whether state laws act as surrogate on the OCS was incorrect. *Id.* at 1081-82. It articulated a different standard, vacated the district court's order, and remanded for the district court to determine whether California's meal period law applied under that standard. *Id.* at 1099 ("[W]e hold that the absence of federal law is not a prerequisite for applicable and not inconsistent state law to become surrogate federal law on the OCS . . . . The district court shall determine on remand whether California's meal period, final pay, and pay stub laws are 'not inconsistent' with existing federal law."). But the Supreme Court has since overruled that standard, and the Ninth Circuit hasn't had opportunity to rule on this issue under the new Supreme Court precedent and the standard articulated there. It might elect to, considering that the issue is still spawning litigation in this district and others.

---

[1] *Williams v. Brinderson Constructors Inc.* (C.D. Cal. Aug. 11, 2015) did not decide the issue. *See* 2015 WL 4747892 at *7 ("[P]laintiffs' [meal and rest breaks] claim [] is governed by California law as a matter of contract, and therefore does not require incorporation by the terms of the OCSLA. Plaintiffs therefore state a claim even if California law is inconsistent with federal law.").

**C.      Immediate appeal may materially advance the ultimate termination of the litigation.**

"Whether an appeal may materially advance the termination of the litigation is 'linked to whether an issue of law is "controlling" in that the court should consider the effect of a reversal by the Ninth Circuit on the management of the case.'" *In re Cal. Title Ins. Antitrust Litig.*, 2010 WL 785798, at *2 (N.D. Cal. Mar. 3, 2010) (quoting *Valdovinos v. McGrath*, 2007 WL 2023505, at *2 (N.D. Cal. July 12, 2007)). As set forth above, were the Ninth Circuit to reverse this Court's finding that Mauia's California meal and rest breaks claims are viable, that would likely end the litigation.

Mauia asserts that interlocutory appeal would take longer than this case would take to resolve if the Court denied the motion to certify and allowed litigation to proceed. He asserts that the "sole outstanding question before this court is a matter of arithmetic. Plaintiff merely needs to put up an accounting of the number of meal and rest periods that were not timely provided to class members as required by California law." Opp'n at 7. But the Court does not find the matter that simple. The parties indicated in their Joint Case Management Statement that they have exchanged initial disclosures, and that Petrochem has informally produced some documents including Mauia's pay records, but that they have exchanged no other information. ECF No. 68. The parties have yet to conduct full discovery. And Petrochem asserts that the meal and rest break violations could not be easily proved based solely on records because, it asserts, meal and rest breaks are not required to be recorded. Reply at 4. Also, if this matter proceeds, other motions, including motions for summary judgment, will likely be filed; Mauia will also have to seek class certification; and the parties will have to seek preliminary and final approval of any settlement agreement they might reach. If the Ninth Circuit reverses this Court's holding, on the other hand, all that goes away.

Finally, whether California meal and rest break claims fail as a matter of law on the OCS will likely become a matter of dispute in at least one other case before a district court in this Circuit. *See Curtis v. Irwin Indus., Inc.*, 2020 WL 636049, at *5 (C.D. Cal. Feb. 11, 2020) (noting that the court found the reasoning in *Newton*, *Hockinson* and *Jensen* to be persuasive, but declining to decide the viability of the plaintiffs' state law claims because the parties had not yet

6

had opportunity to brief the issue). Thus, the Ninth Circuit's resolution of the issue would potentially forestall litigation in at least one other matter and preserve judicial resources in that court.

**D.     A stay is appropriate.**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis*, 299 U.S. at 254). When considering whether to stay proceedings, courts consider, among other things, the possible damage which may result from the granting of a stay; the hardship or inequity which a party may suffer in being required to go forward; and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted). This Court's certification for interlocutory review becomes illogical if the parties continue to litigate before this Court Mauia's remaining claims, which claims would be subject to dismissal if the Ninth Circuit reverses. *SeeNat'l Ass'n of African-American Owned Media v. Charter Communs., Inc.*, 2016 U.S. Dist. LEXIS 185867, at *14 (C.D. Cal. Dec. 12, 2016) (However, if the Court . . . certif[ies] for interlocutory appeal . . . it would be illogical . . . for it to deny Defendant's motion for a stay pending that appeal. . . . [T]he *entire case* will be on appeal and, conceivably, could be dismissed."). Additionally, a stay would likely preserve significant resources of the Court and counsel, and therefore the parties as well. And a stay would not work an inequity on either of the parties and "[t]he Court sees no interest on Plaintiffs' part that will be damaged sufficiently so as to outweigh the basis for a stay." *Id.* The Court will stay the matter.

## V.     CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion for the Court to certify for interlocutory appeal to the Ninth Circuit. The Court certifies for interlocutory review its January 16, 2020 Order (ECF No. 93) pursuant to 28 U.S.C. § 1292(b). The core question

7

relevant to this case is whether California law requiring an employer to provide meal and rest break periods and providing for a penalty if the employer does not, applies on the Outer Continental Shelf.

This case is **STAYED** pending the interlocutory appeal, and if the Ninth Circuit does not accept the interlocutory appeal, the parties are ordered to notify the Court within ten days to lift the stay.

**IT IS SO ORDERED.**

Dated: March 3, 2020

THOMAS S. HIXSON
United States Magistrate Judge